FILED
RICHARD W. NAGEL
CLERK OF COURT

2022 NOV 30 PM 3: 52

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. **1:22CR101** |
| Plaintiff, | : | JUDGE **DLOTT** |
| v. | : | **INDICTMENT** |
| LARRY FUGATE (1) and | : | 18 U.S.C. § 2 |
| | : | 21 U.S.C. § 841(a)(1) |
| JUSTIN NICHOLSON (2), | : | 21 U.S.C. § 841(b)(1)(C) |
| | : | 21 U.S.C. § 846 |
| Defendants. | : | |
| | : | **NOTICE OF FORFEITURE** |

**THE GRAND JURY CHARGES**:

**COUNT ONE**
**(Conspiracy to Distribute Fentanyl Resulting in Death)**

Beginning on or about September 8, 2022, and continuing up to and including September 8, 2022, within the Southern District of Ohio, and elsewhere, the defendants, **LARRY FUGATE and JUSTIN NICHOLSON**, did knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and the death and serious bodily injury of Victim J.M. resulted from the use of that mixture and substance.

**All in violation of 21 U.S.C. § 846.**

## COUNT TWO
### (Distribution of Fentanyl Resulting in Death)

On or about September 8, 2022, within the Southern District of Ohio, and elsewhere, the defendants, **LARRY FUGATE and JUSTIN NICHOLSON**, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, and the death and serious bodily injury of Victim J.M. resulted from the use of that mixture and substance.

**In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.**

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses set forth in this Indictment, the defendants, **LARRY FUGATE and JUSTIN NICHOLSON**, shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation(s).

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegation One, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL.

/s/
_____
GRAND JURY FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

_____
FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

3